James v. Elder.

---

## ALBERT JAMES vs. JAMES M. ELDER.

Negro traders are not subject to pay the tax imposed upon "transient vendors of merchandise or goods," imposed by the act of the 4th of February, 1844, (Hutch. Code, 182, Art. 16, § 1.)

Before the introduction of slaves into this State as merchandise was prohibited by the constitution, the legislature, when it imposed a tax upon the sale of slaves, did so in express words; but after the date of that prohibition, the revenue laws no longer contained the provision in regard to such tax, for there was nothing upon which it could operate. The removal of this prohibition did not revive the law imposing the tax, which had been repealed.

Where the legislature has made a marked distinction between two subjects of revenue, courts will not, in construing a subsequent statute, overlook the distinction, and comprehend both under the same terms, unless the new law contains words which show a change of legislative intention.

IN error from the circuit court of Itawamba county; Hon. Hugh R. Miller, judge.

The facts of the case, as shown by the record, are, that in the year 1848 plaintiff in error executed to defendant in error (Elder) a receipt for the sum of $333.33. At the time of the execution of the receipt, James, the plaintiff in error, was sheriff and tax collecter of Itawamba county, Miss., and the consideration for which said receipt was given seems to have been for taxes assessed on the negroes of defendant in error, he being a transient trader of slaves, which he had sold in Itawamba county; and plaintiff in error, as sheriff and col-

lector of taxes of said county, had collected the above amount from said Elder, for the recovery of which Elder brought suit into the circuit court, upon which he admitted judgment for the amount of the receipt he (Elder) had paid out on property not taxable, from which decision, James prayed a writ of error to this court.

*N. S. Price*, for appellant.

*Lindsey & Robinson*, for appellee.

Mr. Justice CLAYTON delivered the opinion of the court.

The only question in this case is, whether a vendor of slaves, or, in common parlance, a negro trader, is subject to pay the tax upon " transient vendors of merchandise or goods." Those are the precise terms of the statute of 1844, continued in subsequent acts up to the origin of this controversy.

As far back as as 1825, the legislature, whenever it imposed a tax on the sale of slaves, has done so in express words, and has not rested the intention upon the construction of the general terms, goods or merchandise. The words of that act are, " Transient merchants and vendors of merchandise and slaves, shall render the collector of taxes a true and perfect account of all sales of merchandise or slaves." Acts of 1852, p. 123, sec. 2. This phraseology is continued in the act of 1833, and the tax is imposed specially on " vendors of slaves." McNutt's Compil. of Laws, p. 523.

After the introduction of slaves for sale was prohibited by the constitution, the revenue sales omitted this tax upon vendors of slaves. Indeed, sales by one citizen to another were always excepted from the operation of the tax, and there were no persons on whom it could operate, when the introduction of slaves for sale was absolutely prohibited. The removal of this prohibition does not revive the law imposing such tax. They had been expressly repealed. When the legislature has heretofore made a marked distinction in their language, between the vendors of merchandise, and the vendors of

slaves, we do not feel authorized to overlook the distinction, and to comprehend them under the same terms, unless the law contained words to show a change of legislative intention.

This was the construction placed upon the law by the circuit court, and the judgment is affirmed.