SAMUEL B. NEWMAN v. ROBERT H. ELAM.

The act of the legislature of 1850, p. 49, in relation to the assessment of taxes upon slaves sold as merchandise, &c., was only intended to apply to vendors of slaves as merchandise, who carry their slaves from point to point, offering them for sale within the State.

That act was not intended to embrace a trader or vendor who has a permanent place of making his sales, and who.sells only at that place.

On appeal from the southern district ˙chancery court at Natchez; Hon. A. B. Dawson, vice-chancellor.

Robert H. Elam filed his bill in the vice-chancery court at Natchez, against Samuel B. Newman, sheriff and tax collector of Adams-county, to enjoin said Newman from collecting a tax assessed against said Elam, a negro trader, upon the amount of sales of slaves made by him during the year 1852. The bill alleges that Elam is a citizen of said county, residing there, and is a regular and permanent (not transient) vendor of slaves therein. That he has a permanent depot, and nowhere else makes sales of slaves; and that he has not carried, and does not carry, his slaves from point to point within the State, offering them for sale as merchandise.

The bill was demurred to by Newman, sheriff, &c., which demurrer was overruled by the vice-chancellor; and Elam prayed and obtained an appeal to this court.

*Glenn*, attorney-general, for appellant, argued the case for the State.

*J. Winchester*, on the same side,
Cited the Act of the Legislature, 1850; 3 Mass. 17; 1 Pick. 248; 2 Bail. 541; Act of Legislature, 1825; McNutt, Code, 81.

*J. S. B. Thatcher*, on the same side,
Cited Acts of Legislature, 1825, 1, 3; McNutt, Code, 523; 3 Ham. 198; 3 Cow. 89; 2 Har. & Johns. 167; 2 Pet. 662; 15 ohns. 3 58; 1 Pet. 64; 9 Wheat. 381.

*Boyd* and *Davis*, for appellee,

Cited 9 Wheat. 738; Ib. 816; Ib. 842; *James* v. *Elder*, 1 Cushm. 134; Hutch. Dig. 182; Act of Legislature, 1852, 43; T. R. 52; 7 Law Lib. 53; 3 Kelly, 146.

*W. T. Martin*, on the same side,

Cited Hutch. Code, 114, § 44; Act of 1850; Dwarris on Stat. 47; Ib. 80; 11 Pick. 490; 2 Cranch, 358; 1 Pick. 252; Ib. 506; 3 Mass. 221; Ib. 539; 22 Pick. 373; Dwarris, 45, &c.; Brown's Leg. Max. 247; 4 Blackf. 148; 6 S. & M. 628; 2 Cranch, 33; 2 Pet. 662; 2 Har. & Johns. 69; 3 How. U. S. 564; 3 Kelly, 152–159; 7 Mass. 523; 1 Pick. 250; *Pearce* v. *Atwood*, 13 Mass. 343; Dwarris, 48; 22 Pick. 387; 12 Ib. 223, &c.; 2 Cranch, 58; 9 Pick. 412; 5 East, 478; Dwarris, 54.

Mr. Justice FISHER delivered the opinion of the court.

The appellee filed his bill in the vice-chancery court ,at Natchez, to enjoin the appellant, as sheriff and tax collector of Adams county, from collecting a certain sum of money alleged by the said sheriff to be due from the appellee, for taxes assessed upon the amount of the sales of slaves, sold as merchandise, in the county of Adams, by the appellee.

The bill, after alleging that the complainant is a resident citizen of the county of Adams, contains the following allegations, to wit, " that he (the complainant) has a permanent depot near the city of Natchez, in said county, for the purpose of carrying on and transacting his business as a stationary, regular, and permanent vendor of slaves; and that he has not carried any such slaves from point to point, offering them for sale in this State."

The appellant filed a demurrer to the bill, which was, in the court below, overruled; and the case is now before this court upon an appeal from that decision.

In the case of *James* v. *Elder*, 23 Miss. R. 134, this court decided that there was, at the time of the commencement of the suit in that case, in 1848, no statute in force requiring the vendors of slaves to pay a tax on the amount of their sales.

The only statute on the subject is the 16th section of the act

of 1850, in these words : " That all vendors of slaves as mer-chandise, who shall carry the same from point to point within this State, offering the same for sale as such, shall be assessed with the sales thereof, as merchandise, sold by transient vendors, and such taxes shall be collected according to the laws now in force relative thereto." Acts of 1850, 49.

This language is too clear to admit of construction. The vendor of slaves as merchandise, to come within the operation of the law, must carry his slaves from point to point, offering them for sale. It was not intended to embrace a trader or vendor who had a permanent place of making his sales, and who sold only at that place.

The decree of the court below will be affirmed, and cause remanded.